THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email: cameron@sethatlaw.com

*Attorneys for Plaintiff, Syed Raza Hussain*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED RAZA HUSSAIN, Individually<br><br>　　　　Plaintiff,<br>　　v.<br><br>COUNTY OF ORANGE, a governmental entity; LAURIE SCHWARTZ, individually, DOES 1-10, individually,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>1. Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure- Unlawful Detention and Arrest (42U.S.C. § 1983)<br>3. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>4. Municipal Liability for Ratification (42 U.S.C. § 1983)<br>5. Municipal Liability for Failure to Train (42 U.S.C. § 1983)<br>6. Battery (State)<br>7. Negligence (State)<br>8. Violation of Bane Act (Cal. Civ. Code §52.1)<br><br>**DEMAND FOR JURY TRIAL** |

Comes now, Plaintiff Syed Raza Hussain, in his individual capacity, for his complaint against Defendants County of Orange, deputy Laurie Schwartz,

hereinafter referred to as SCHWARTZ, individually, DOES 1 through 10, and alleges as follows:

## INTRODUCTION

1.  This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the November 19, 2019, encounter between Defendants, County of Orange, Deputy Sheriff Laurie Schwartz, individually, and Syed Raza Hussain.

## PARTIES

2.  At all relevant times, Plaintiff Syed Hussain referred to as "HUSSAIN", is acting in his own capacity, and a resident of the County of Orange.

3.  At all relevant times, Defendant County of Orange "COUNTY" is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendant SCHWARTZ  who was a COUNTY Deputy.

4.  At all relevant times, Defendant SCHWARTZ was duly authorized employee and agents of the COUNTY, who was acting under color of law within the course and scope of their respective duties as a Sheriff's deputy and with the complete authority and ratification of his principal, Defendant COUNTY, and is being sued in her individual capacity.

5.  At all relevant times, Defendants DOE SUPERVISORS were duly authorized employees and agents of the COUNTY, who were acting under color of law within the course and scope of their respective duties as Sheriff's Deputies and with the complete authority and ratification of their principal and were acting on the implied and actual permission and consent of the COUNTY.

6.  At all times relevant, Defendants DOE SUPERVISORS were duly appointed deputies and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

7.  At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant herein.

8.   The true names of Defendants DOES 1 through 10, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants are responsible in some manner for the conduct and liabilities alleged herein.

9.  In doing the acts and failing and omitting to act as hereinafter described, Defendants SCHWARTZ, DOES 1-10 and DOE SUPERVISORS were acting on the implied and actual permission and consent of COUNTY.

## JURISDICTION AND VENUE

10. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth Amendments of the United States Constitution, as well as by California state laws. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11.   Venue is proper in this Court under 28 U.S.C. § 1391(b), as all incidents, events, and occurrences giving rise to this action occurred in the County of Orange, within the Central District of California.

12.   Pursuant to California Government Code §910 et seq., a government Tort Claim was submitted to the County of Orange, on May 15th, 2020. This tort claim was acknowledged by COUNTY as "received". There is an ongoing criminal case against Plaintiff underlying the same sets of events which has yet to reach final adjudication.

13.     Accordingly, Plaintiff filed the present lawsuit alleging state claims in addition to federal claims.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15.    On or about November 19, 2019, at approximately 2:00 a.m., HUSSAIN was in the COUNTY of Orange, at his residence in Anaheim, California.

16. While at his residence, HUSSAIN's brother called 911 to report an alleged family dispute that occurred between HUSSAIN and his family.

17. During this phone call, HUSSAIN's brother informs the 911 dispatcher that HUSSAIN has "a mental health problem" explaining that he "has multiple personalities."

18. Following this call, the 911 dispatcher informs deputies "He's possibly bipolar and off his meds." The deputies responding to the scene responded "copy" acknowledging they received this message.

19.    By the time Deputies arrived on scene, the previous dispute between HUSSAIN and his family had cooled off, and HUSSAIN had stepped outside of his home through his garage.

20.    Upon arriving on scene, SCHWARTZ states to the 911 dispatcher "we have visual of the suspect. He's on the second story inside of the residence." Nearly one minute later SCHWARTZ states: "at gunpoint", implying that she had drawn and pointed her firearm at HUSSAIN. However, within seconds of holding HUSSAIN at gunpoint, she unexpectedly fires off three shots at him.

21. SCHWARTZ fired three rounds at HUSSAIN one hitting him directly in his groin area. HUSSAIN began to bleed profusely and was handcuffed and arrested. The backdrop to her shots consisted of a populated apartment residence.

22. Before SCHWARTZ arrived on scene, HUSSAIN was in the house in the garage area. HUSSAIN then opened the garage and within seconds of stepping outside the garage, heard someone call out to him "stop", but he did not know

where they were coming from. He began to walk away from the direction of the voice and then heard "put your hands up" and just seconds later he was shot.

23. HUSSAIN, upon hearing "put your hands up" did not recognize what was going on and began to walk away from the Deputy's direction. SCHWARTZ, responded to HUSSAIN walking away, with no warning, by shooting an unarmed HUSSAIN.

24. At no point during this altercation did SCHWARTZ see any weapons including any knives in HUSSAIN's hands nor body. Nor was it reasonable for SCHWARTZ to believe that HUSSAIN was armed as he was in plain view of her, and had a tactical light affixed to her gun.

25. No knives nor weapons were recovered at the location where HUSSAIN was shot.

26. The shooting was excessive and unreasonable because HUSSAIN was visibly unarmed and posed no imminent threat of death or serious bodily injury to any person, including SCHWARTZ, at the time of the shooting. Most importantly, at the time of the shooting, HUSSAIN was attempting to get away from danger.

27. SCHWARTZ did not announce herself as a sheriff's deputy prior to using deadly force. HUSSAIN did not know that SCHWARTZ was a sheriff's deputy before he was shot.

28. As a result of the gunshot wounds sustained, HUSSAIN suffered serious physical and psychological injuries, including a bullet hole in his upper thigh/groin area, internal bleeding, and complications from the gunshot wound requiring three surgeries: first for a broken femur in the leg, second where so much skin was missing they needed to conduct a skin transfer, third where a major artery was punctured. The initial surgeries including a right groin exploration, a femoral neck fixation (which is installing metal hardware in his shattered femur, and a right leg fasciotomies, and Post-Traumatic-Stress-Disorder. HUSSAIN required around-the-clock intensive medical care and was hospitalized at UCI for

approximately two (2) months prior to being stable enough for discharge. As a result of subsequent complications from the gunshot wound, HUSSAIN required 5 additional surgeries between 2020 and 2022. He currently suffers from numbness in his right leg, nerve damages, loss of strength to his leg muscle, has difficulty ambulating and requires the assistance of a walking cane to move about. He has not driven as his impaired right leg impairs his ability to safely operate a motor vehicle.

## FIRST CLAIM FOR RELIEF
### Unreasonable Search and Seizure-
### Excessive Force (42 U.S.C. § 1983)

29.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-28 of this Complaint with the same force and effect as if fully set forth herein.

30.    At all relevant times, Defendant SCHWARTZ was acting under color of state law.

31.    SCHWARTZ detained HUSSAIN without reasonable suspicion and arrested him without probable cause.  Not only was the detention itself unreasonable, but the scope and manner of the detention was also unreasonable. When SCHWARTZ pointed her department-issued weapon at HUSSAIN and then shot him, she violated their rights to be secure in their persons against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32.    The unreasonable use of force by SCHWARTZ, including shooting his firearm at an unarmed HUSSAIN, deprived him of his right to be secure in his person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.   SCHWARTZ' use of deadly force to fire at an unarmed HUSSAIN, with no warning and with no reasonable time to comply, renders the use of deadly force unjustified, unreasonable and excessive.

34. At no point, did HUSSAIN pose an imminent threat of serious bodily injury or death at the time of the shooting.

35.   All unreasonable seizures that preceded the shooting constituted reckless and intentional escalations of the situation which directly led to the shooting, therefore rendering the Defendants liable under an excessive escalation theory.

36.   As a result, HUSSAIN suffered debilitating injuries including one gunshot wound resulting in a major artery puncture, numerous surgeries, a broken bone in his leg, disfigurements, scarring, emotional and mental injuries including Post Traumatic Stress Disorder, humiliation, anguish, reduced earning capacity, lost wages, past and future medical expenses, and emotional distress.

37.   The conduct of SCHWARTZ was willful, wanton, malicious, and done with reckless disregard for HUSSAIN's rights and safety and therefore warrants the imposition of exemplary and punitive damages.


## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure-
### Detention and Arrest (42 U.S.C. § 1983)

38.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-37 of this Complaint with the same force and effect as if fully set forth herein.

39.    At all relevant times, Defendant SCHWARTZ was acting under color of state law.  When SCHWARTZ detained and arrested Plaintiff, she exercised power possessed by virtue of state law and made possible only because SCHWARTZ was clothed with the authority of state law.  SCHWARTZ was employed by the state and abused the position given to him by the state; thus, he acted under color of state law.

40.   SCHWARTZ detained HUSSAIN without reasonable suspicion and arrested him without probable cause.  Not only was the detention itself unreasonable, but the scope and manner of the detention was also unreasonable. When SCHWARTZ pointed her department-issued weapon at HUSSAIN and then shot him, she violated his rights to be secure in their persons against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.  Further, SCHWARTZ forced HUSSAIN to stay in place, thereby delaying his receipt of medical attention.

41.   As a result, HUSSAIN suffered debilitating injuries including one gunshot wound resulting in a major artery puncture, three surgeries, a broken bone in his leg, disfigurements, emotional and mental injuries including Post Traumatic Stress Disorder, humiliation, anguish, reduced earning capacity, lost wages, past and future medical expenses, and emotional distress.

42.   The conduct of SCHWARTZ was willful, wanton, malicious, and done with reckless disregard for HUSSAIN's rights and safety and therefore warrants the imposition of exemplary and punitive damages.

### THIRD CLAIM FOR RELIEF
**Municipal Liability for Unconstitutional**
**Custom/Policy/Practice (42 U.S.C. § 1983)**

43. Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered 1-42 of this Complaint with the same force and effect as if fully set forth herein.

44. On and for some time prior to November 19, 2019 (and continuing to the present date) Defendants COUNTY, DOE Deputies, and DOE SUPERVISORS, deprived Plaintiff of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants

and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized COUNTY custom, policy, and practice of:

(a)  Employing and retaining as Sheriff's deputies and other personnel, including Defendants SCHWARTZ who Defendants COUNTY and DOE SUPERVISORS at all times material herein knew or reasonably, should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Sheriff's Department policies and for using excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Sheriff's Deputies, and other COUNTY personnel, including Defendants DOE OFFICERS, whom Defendants COUNTY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by Defendants DOES 1-5, who are COUNTY Sheriff's Deputies.

(d) By having and maintaining an unconstitutional custom and practice of using excessive force and covering up police misconduct. These customs and practices by COUNTY and DOE SUPERVISORS were condoned by said Defendants in deliberate indifference to the safety and rights of its civilians, including Plaintiff.

45. By reason of the aforementioned policies and practices of Defendants COUNTY and DOE SUPERVISORS, Plaintiffs have suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

46. Defendants COUNTY and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

47. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the well-being of Plaintiffs and their constitutional as well as human rights. Defendants COUNTY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any person of normal sensibilities.

48. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the Plaintiffs injuries.

49. Accordingly, Defendants COUNTY and DOE SUPERVISORS each are liable to Plaintiff HUSSAIN for compensatory damages under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF
### Municipal Liability for Unconstitutional Ratification (42 U.S.C. § 1983)

50. Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered 1-49 of this Complaint with the same force and effect as if fully set forth herein.

51.    At all relevant times, Defendant SCHWARTZ was acting under color of state law.

52.  Upon information and belief, a final policymaker, acting under color of state law, who had final policymaking authority concerning the acts of SCHWARTZ, ratified (or will ratify) SCHWARTZ acts and the bases for them.

53.  Upon information and belief, the final policymaker(s) knew of and specifically approved of (or will specifically approve of) SCHWARTZ's acts. Upon information and belief, the final policymaker(s) have determined (or will determine) that the acts of Defendant SCHWARTZ were "within policy."

54. As a direct and proximate result of the aforementioned unconstitutional policies and customs, HUSSAIN suffered extreme mental and physical pain and suffering, and loss of his of earning capacity.

55.    Also, as a direct and proximate result of the aforementioned unconstitutional policies and customs, HUSSAIN suffered serious physical injuries and disfigurement, past and future pain and suffering, past and future emotional distress, past and future loss of earnings, earning capacity, and income, and past and future medical expenses.

56.  Accordingly, Defendants COUNTY, SCHWARTZ and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF
### Municipal Liability for Unconstitutional
### Failure to train (42 U.S.C. § 1983)

57. Plaintiff repeats and re-alleges each and every allegation in paragraphs numbered 1-56 of this Complaint with the same force and effect as if fully set forth herein.

58.    At all relevant times, Defendant SCHWARTZ was acting under color of state law. When SCHWARTZ detained and arrested Plaintiff, she exercised power possessed by virtue of state law and made possible only because SCHWARTZ

was clothed with the authority of state law. "On information and belief, Defendants COUNTY, SCHWARTZ and DOES 1-10 failed to properly and adequately train SCHWARTZ, including with respect to detentions, arrests, and the use of deadly force generally.

59.  The training policies of Defendants COUNTY, SCHWARTZ and DOES were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the use of deadly force.

60.  Specifically, on August 7th, 2019, SCHWARTZ was separately involved in a deadly force encounter during an incident in which SCHWARTZ stood by and knowingly allowed unjustified deadly force to be used by another deputy resulting in a chokehold death of victim Chong Tok Rha.

61.  Defendants COUNTY and DOES 1-10 were deliberately indifferent to the obvious consequences of the failure to train OCSD deputies adequately in the proper application of deadly force, that is only when facing an imminent threat of serious bodily harm and/or death.

62.  The failure of Defendants COUNTY, SCHWARTZ and DOES 1-10 to provide adequate training caused the deprivation of Plaintiffs' rights Defendant SCHWARTZ; that is, Defendants' failure to train is so closely related to the deprivation of HUSSAIN's rights as to be the moving force that caused the ultimate injury.

63.  As a direct and proximate result of the aforementioned failure to train, HUSSAIN suffered extreme mental and physical pain and suffering, loss of enjoyment of life, and loss of his earning capacity.

64.  Also, as a direct and proximate result of the aforementioned failure to train, HUSSAIN suffered serious physical injuries and disfigurement, past and future pain and suffering, past and future emotional distress, past and future loss of earnings, earning capacity, income, and past and future medical

expenses. HUSSAIN will require medical attention and care for the rest of his natural life.

65.   Accordingly, Defendants COUNTY, SCHWARTZ and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## SIXTH CLAIM FOR RELIEF
### BATTERY (state)

66.   Plaintiff hereby repeats, re-states, and incorporates each and every allegation in paragraphs 1-66 of this Complaint with the same force and effect as if fully set forth herein.

67.   SCHWARTZ, while working as OCSD deputy for the COUNTY sheriff's Department and acting within the course and scope of his duty, intentionally used force against HUSSAIN, including the use of deadly force discharging three rounds from her firearm at an unarmed HUSSAIN. SCHWARTZ had no legal justification for using force against HUSSAIN, and her use of force while carrying out law enforcement duties was unreasonable.

68.   COUNTY is vicariously liable for the wrongful acts of SCHWARTZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee act would subject her or her to liability.

69. The conduct of SCHWARTZ was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary and punitive damages.

70.   As a direct and proximate result of the aforementioned acts of battery, HUSSAIN suffered extreme mental and physical pain and suffering, loss of enjoyment of life, and loss of his of earning capacity.

71.       Also, as a direct and proximate result of the aforementioned

acts of battery, HUSSAIN suffered serious physical injuries and disfigurement, past and future pain and suffering, past and future emotional distress, past and future loss of earnings, earning capacity, income, and past and future medical expenses. HUSSAIN will require medical attention and care for the rest of his natural life.

72. Accordingly, Defendants COUNTY, SCHWARTZ and DOES 1-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

### SEVENTH CLAIM OF RELIEF
### NEGLIGENCE (state)

73. Plaintiff hereby repeats, re-states, and incorporates each and every allegation in paragraphs 1-73 of this Complaint with the same force and effect as if fully set forth herein.

74. The actions and inactions of COUNTY employees, including SCHWARTZ, were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force against HUSSAIN; (b) negligent tactics and handling of the incident; (c) the negligent detention, arrest, and use of force against HUSSAIN; (d) the failure to monitor and record any injuries specifically caused by the use of force by COUNTY deputy, including SCHWARTZ; (e) the negligent handling of evidence and witnesses; and (f) the negligent communication of information during the incident.

75. Plaintiff suffered harm and agony as a direct and proximate result of COUNTY employees' conduct as alleged above.

76. COUNTY is vicariously liable for the wrongful acts of its employees, including SCHWARTZ, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its

employees within the scope of the employment if the employee's act would subject him or her to liability.

77.  The conduct of COUNTY employees, including SCHWARTZ, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of HUSSAIN. Specifically, because HUSSAIN never posed a threat of serious bodily injury or death as he was running away from SCHWARTZ, SCHWARTZ's act of shooting at his right groin area while SCHWARTZ retreated was nothing short of malicious, entitling Plaintiff to an award of exemplary and punitive damages.

78.  Plaintiff HUSSAIN seeks all damages entitled to him under California state law.

## EIGTH CLAIM FOR RELIEF
### Violation of Bane Act (Cal. Civ. Cod 52.1- State)

79. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-78 of this Complaint, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

80. SCHWARTZ attempted to interfere with and did interfere with the rights of HUSSAIN of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts.

81. SCHWARTZ injured HUSSAIN to prevent him from exercising his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against him for having exercised their rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

82. The conduct of SCHWARTZ was a substantial factor in causing harm to HUSSAIN.

83. COUNTY is vicariously liable for the wrongful acts of SCHWARTZ pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee act would subject him or her to liability.

84. The conduct of SCHWARTZ was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of HUSSAIN, entitling Plaintiff to an award of exemplary and punitive damages.

85. Plaintiff HUSSAIN seeks all compensatory and general damages he would be entitled to under this claim, including statutory attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants COUNTY, SCHWARTZ, and DOE SUPERVISORS, inclusive, as follows:

1. For compensatory damages, including both past and future general, and special damages under federal and state law, in an amount to be proven at trial;

2. For punitive damages against the individual Defendants in an amount to be proven at trial;

3. For interest;

4. For reasonable costs of this suit and reasonable attorneys' fees under 42 U.S.C § 1988 and C.C. §52.1 et seq; and

5. For such further other relief as the Court may deem just, proper, and appropriate.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial.


Dated: November 17, 2022          THE SEHAT LAW FIRM, PLC

*/s/Cameron Sehat*
Attorneys for Plaintiff